TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-815 |
| of | : | |
| | : | February 13, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MARSHALL S. RUDOLPH, COUNTY COUNSEL, COUNTY OF MONO, has requested an opinion on the following questions:

1.     May a county incorporate the land use designations and other provisions of its zoning ordinances into its general plan?

2.     If a county may incorporate the land use designations and other provisions of its zoning ordinances into its general plan, may it repeal its zoning ordinances and replace them with a single ordinance that requires all land use activity in the county to conform to its general plan including the incorporated zoning ordinances?

CONCLUSIONS

1.     A county may incorporate the land use designations and other provisions of its zoning ordinances into its general plan.

2.     If a county incorporates the land use designations and other provisions of its zoning ordinances into its general plan, it may repeal its zoning ordinances and replace them with a single ordinance that requires all land use activity in the county to conform to its general plan including the incorporated zoning ordinances.

ANALYSIS

A county intends to incorporate the land use designations and other provisions of its zoning ordinances into its general plan. May it do so, and then repeal all its zoning ordinances and replace them with a single ordinance requiring all land use activity in the county to conform to its general plan? We conclude that the county may incorporate its zoning ordinances into its general plan and thereafter repeal its zoning ordinances.

Before addressing each question individually, we note the relationship between California's local planning law (Gov. Code, §§ 65100-65763; "State Planning Law") **Footnote No. 1** and its zoning ordinance law (§§ 65800-65912; "State Zoning Law"). These legislative schemes are part of the Planning and Zoning Law (§§ 65000-66499.58).

With respect to the requirements of a general plan, section 65300 provides:

"Each planning agency shall prepare and the legislative body of each county and city shall adopt a comprehensive, long-term general plan for the physical development of the county, or city, and of any land outside its boundaries which in the planning agency's judgment bears relation to its planning. Chartered cities shall adopt general plans which contain the mandatory elements specified in section 65302."

The general plan of a city or county is the "`"constitution" for future development' [citation] located at the top of `the hierarchy of local government law regulating land use' [citation]." (*DeVita* v. *County of Napa* (1995) 9 Cal.4th 763, 773.) "`[T]he propriety of virtually any local decision affecting land use and development depends upon consistency with the applicable general plan and its elements.'" (*Citizens of Goleta Valley* v. *Board of Supervisors* (1990) 52 Cal.3d 553, 570.)

Section 65302 provides:

"The general plan shall consist of a statement of development policies and shall include a diagram or diagrams and text setting forth objectives, principles, standards, and plan proposals. . . ."

The general plan must contain seven specified elements (§ 65302), including a land use element which "designates the proposed general distribution and general location and extent of the uses of the land . . ." and "include[s] a statement of the standards of population density and building intensity recommended for the various districts and other territory covered by the plan." (§ 65302, subd. (a).) The general plan may include other elements or address other subjects which, in the judgment of the legislative body, relate to the physical development of the city or county. (§ 65303.) The general plan may be adopted in any format deemed appropriate or convenient by the legislative body, including the combining of elements. (§ 65301, subd. (a).) The degree of specificity and level of detail of the discussion of each element must reflect local conditions and circumstances. (§ 65301, subd. (c).) Adoption or amendment of a general plan by the legislative body is accomplished by means of a resolution (§ 65356), following a public hearing (§ 65355). For most purposes, no mandatory element of a general plan may be amended more frequently than four times in any calendar year. (§ 65358, subd. (b).)

The Legislature has expressed its purposes in requiring cities and counties to adopt general plans. Section 65300.5 states:

"In construing the provisions of this article, the Legislature intends that the general plan and elements and parts thereof comprise an integrated, internally consistent and compatible statement of policies for the adopting agency."

Section 65300.7 contains the following legislative finding:

"The Legislature finds that the diversity of the state's communities and their residents requires planning agencies and legislative bodies to implement this article in ways that accommodate local conditions and circumstances, while meeting its minimum requirements."

Finally, section 65300.9 provides legislative recognition of the different approaches that are possible in complying with the State Planning Law:

"The Legislature recognizes that the capacity of California cities and counties to respond to state planning laws varies due to the legal differences between cities and counties, both charter and general law, and to differences among them in physical size and characteristics, population size and density, fiscal and administrative capabilities, and development issues, and human needs. . . ."

One method of implementing a general plan is to adopt several specific plans. Section 65450 states:

"After the legislative body has adopted a general plan, the planning agency may, or if so directed by the legislative body, shall, prepare specific plans for the systematic implementation of the general plan for all or part of the area covered by the general plan."

As required by subdivision (a) of section 65451, a specific plan must include text and diagrams specifying the following:

"(1) The distribution, location, and extent of the uses of land, including open space, within the area covered by the plan.

"(2) The proposed distribution, location, and extent and intensity of major components of public and private transportation, sewage, water, drainage, solid waste disposal, energy, and other essential facilities proposed to be located within the area covered by the plan and needed to support the land uses described in the plan.

"(3) Standards and criteria by which development will proceed, and standards for the conservation, development, and utilization of natural resources, where applicable.

"(4) A program of implementation measures including regulations, programs, public works projects, and financing measures necessary to carry out paragraphs (1), (2), and (3)."

A specific plan must include a statement of the relationship of the specific plan to the general plan (§ 65451, subd. (b)), and it may address other subjects which in the judgment of the planning agency are necessary or desirable for implementation of the general plan (§ 65452).

With regard to zoning ordinances, we first observe that "[z]oning is a separation of the municipality into districts, and the regulation of buildings and structures, according to the nature and extent of their use, and the nature and extent of the uses of land." (*O'Loane* v. *O'Rourke* (1965) 231 Cal.App.2d 774, 780.) Zoning is within the constitutional police power of a municipality and is normally accomplished by local ordinances. (See Cal. Const., art. XI, § 7; *Ensign Bickford Realty Corp.* v. *City Council of City of Livermore* (1977) 68 Cal.App.3d 467, 473-474.) Zoning ordinances may be generally classified as regulating either the use of buildings, structures, and land or the size of buildings, structures, and lots. (See § 65850.) The purposes of the State Zoning Law are "to provide for the adoption and administration of zoning laws, ordinances, rules and regulations by counties and cities, as well as to implement such general plan as may be in effect in any such county or city. . . ." (§ 65800.)

As explained in *Lesher Communications, Inc.* v. *City of Walnut Creek* (1990) 52 Cal.3d 531, 536: "Once a city [or county] has adopted a general plan, all zoning ordinances must be consistent with that plan, and to be consistent must be `compatible with the objectives, policies, general land uses, and programs specified in such a plan.' (§ 65860, subd. (a) (ii).)" A zoning ordinance is consistent with a general plan where, considering all of its aspects, the ordinance furthers the objectives and policies of the general plan and does not obstruct their attainment. (*Corona-Norco Unified School District* v. *City of Corona* (1993) 17 Cal.App.4th 985, 994.)

In *Lesher Communications, Inc.* v. *City of Walnut Creek*, *supra*, 52 Cal.3d at 541, the court noted:

". . . A zoning ordinance that is inconsistent with the general plan is invalid when passed [citations] and one that was originally consistent but has become inconsistent must be brought into conformity with the general plan. (§ 65860.) The planning and zoning law does not contemplate that general plans will be amended to conform to zoning ordinances. The tail does not wag the dog. The general plan is the charter to which the ordinance must conform."

Similarly, "no zoning ordinance may be adopted or amended within an area covered by a specific plan unless it is consistent with the adopted specific plan." (§ 65455.)

1.      Incorporating Zoning Ordinances into the General Plan

The first question to be resolved is whether zoning ordinances may be incorporated into the general plan. This would entail adoption of a single set of land use designations to serve both the general plan and zoning ordinances, as well as developing a comprehensive map encompassing both the general plan's land use diagram and the zoning ordinances' maps.

As it is mandated by the Legislature that zoning ordinances must be consistent with and promote the policies of the general plan, we believe there is no inherent reason why the general plan may not serve as a vehicle for the land use designations and other provisions of a county's

zoning ordinances. Although a general plan diagram is not required to be parcel-specific (67 Ops.Cal.Atty.Gen. 75 (1986), nothing in the Planning and Zoning Law prohibits inclusion in the general plan of zoning-type land use designations; indeed, several statutory provisions may be read as favoring such course of action at least in part. The general plan may address any subjects which, in the judgment of the legislative body, relate to the physical development of the city or county (§ 65303); it may be adopted in any format deemed appropriate or convenient by the legislative body (§ 65301, subd. (a)); and the Legislature has specifically recognized that "the diversity of the state's communities and their residents requires planning agencies and legislative bodies to implement [the general plan law] in ways that accommodate local conditions and circumstances, while meeting its minimum requirements" (§ 65300.7).

On the other hand, various practical difficulties may be expected when a county attempts to incorporate the land use designations and other provisions of its zoning ordinances into its general plan. First, the general plan may only be amended four times within any calendar year. Zoning ordinances, as specific regulations, often require more frequent amendments. Each time there is a need to change a land use designation, the general plan would require amendment. Combining different changes into a single amendment may well require the preparation of complex documents describing individual and cumulative impacts.

Another practical disadvantage to the combination proposal is that general plans are to take into consideration future conditions and needs. (See, e.g., *Hoffmaster* v. *City of San Diego* (1997) 55 Cal.App.4th 1098, 1106-1109.) The general plan's value as a long-range planning document may be substantially diminished if it is used to determine the application of current zoning requirements; a general plan's diagram that also serves as a zoning map would not reflect the timing of, or potential for, development of a given site. (See 67 Ops.Cal.Atty.Gen., *supra*, 79-80.)

Nonetheless, in light of (1) the flexible nature of the general plan as contemplated by the Legislature under the Planning and Zoning Law, (2) the fundamental requirement that zoning regulations be consistent with the general plan, and (3) the legislative intent favoring implementation of the general plan requirements in ways that accommodate local conditions and circumstances, we conclude that a county may incorporate the land use designations and other provisions of its zoning ordinances into its general plan.

2.      Repealing Zoning Ordinances Incorporated Into the General Plan

Having determined that a county may incorporate the land use designations and other provisions of its zoning ordinances into its general plan, we address the issue whether the county may repeal the zoning ordinances that have been incorporated into its general plan and use the general plan exclusively, as so modified, to regulate land use activity. Under this procedure, there would be a single zoning ordinance that would require all land use activity in the county to conform to the general plan.

Section 7 of article XI of the Constitution provides that a county "may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." We believe it follows that a county may repeal local ordinances at any time

if, in so doing, no conflict with general laws results. Looking to the provisions of the State Zoning Law, we find no such conflict. Indeed, the Legislature has expressed its intent to allow counties wide latitude with respect to local zoning matters. Section 65800 provides:

"It is the purpose of this chapter to provide for the adoption and administration of zoning laws, ordinances, rules and regulations by counties and cities, as well as to implement such general plan as may be in effect in any such county or city. . . . The Legislature declares that in enacting this chapter it is its intention to provide only a minimum of limitation in order that counties and cities may exercise the maximum degree of control over local zoning matters."

If a county determines that its general plan may best be implemented by means of a single zoning ordinance requiring all land use activity in the county to be consistent with the general plan, it would appear that the county has obviated the concerns of the Legislature and the courts that the "tail does not wag the dog." (*Lesher Communications, Inc.* v. *City of Walnut Creek*, *supra*, 52 Cal.3d at 541.) In *Roney* v. *Board of Supervisors* (1956) 138 Cal.App.2d 740, 742, a case decided before general plans became mandatory, the court stated:

"The zoning ordinance and the subdivision ordinance of Contra Costa County are sections of the master plan of the county, and the subdivision ordinance provides that `In all respects the subdivision will be considered in its relation to the adopted or proposed Master Plan of the County.' This test was a sufficient legislative guide. [Citations.] The record shows that both the planning commission and the board of supervisors diligently and fairly considered the application for the land use permit in relation to the master plan of the county."

We believe that a single ordinance as contemplated here may give sufficient guidance to applicants for land use permits, depending upon local conditions and circumstances.

We conclude that if a county incorporates the land use designations and other provisions of its zoning ordinances into its general plan, it may repeal its zoning ordinances and replace them with a single ordinance that requires all land use activity in the county to conform to its general plan including the incorporated zoning ordinances.

* * * * *

**Footnote No. 1**
All section references hereinafter are to the Government Code.